J-S67014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC PRESTON TITTEL, | |
| Appellant | No. 336 MDA 2015 |

Appeal from the Judgment of Sentence January 21, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000443-2014

BEFORE:  BOWES, PANELLA, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 14, 2015**

Eric P. Tittel appeals from the judgment of sentence of five to fifteen years incarceration entered after a jury found him guilty of two counts each of aggravated assault and simple assault, as well as one count of recklessly endangering another person.  We affirm.

The facts underlying this appeal were recounted by the trial court as follows:

> On February 11, 2014, Eric P. Tittel (herein "Defendant") was working as a truck driver.  Defendant stopped to fill his gas tank and purchase food at the Love's Truck Stop at 22 Old Forge Road, Union Township, Lebanon County, Pennsylvania. Defendant's truck was parked at a diesel pump while he was inside the store.  Thomas Basham (herein "Victim") was also working as a truck driver and stopped at Love's Truck stop to fill his gas tank.  The Victim's friend, John Ross (herein "Ross") was also driving a truck and pulled into the truck stop at the same time as the Victim. The Victim pulled his truck in behind

_____
* Retired Senior Judge assigned to the Superior Court.

Defendant's truck. The Victim testified that he had waited forty-five (45) minutes for Defendant to come out of the store and called the store to have the driver return to his vehicle. When Defendant came out to his truck, he began pumping fuel, which would take another twenty to twenty-five (20-25) minutes. The Victim thought that the truck had already been fueled.

When Defendant returned to his truck, the Victim yelled obscenities out the window of his truck at Defendant. Defendant came towards the Victim's truck. The Victim continued yelling at Defendant and exited his truck. Defendant shoved the Victim with both hands. The Victim stumbled backwards, then punched Defendant. Defendant punched the Victim. The Victim punched Defendant in the head three (3) to four (4) times. The Victim testified that he was able to block several punches from the Defendant. Defendant hit the Victim in the stomach at some point during the altercation. The Victim testified that the whole encounter lasted two (2) to three (3) minutes. Defendant went back to his truck, got in, and left the scene.

When Defendant headed back to his truck, the Victim wrote the license plate of Defendant's truck on his hand. At this point, the Victim noticed blood and a gash below his rib on his right side. The Victim went inside the truck stop to get help. Ross saw the Victim enter the truck stop with the cut on his belly. Jody Kohler (herein "Kohler"), the Administrative Assistant of Love's Truck Stop, saw the Victim come in from the fuel pumps. Another employee of Love's, identified by Kohler as "Chuck," called 911. Troopers Hoffstettler and Lynn responded to the report of a stabbing. Tpr. Hoffstettler testified that he provided immediate medical assistance while Tpr. Lynn interviewed the Victim. The Victim was transported by ambulance to Hershey Medical Center. The Victim required surgery and has scars from the stab and the surgery.

Meanwhile, Defendant had driven down the road and called his dispatcher to report what had happened. Defendant testified that he left the scene because he was scared. The dispatcher, Anna Lyons (herein "Lyons"), testified that Defendant sounded panicked and distraught. Defendant relayed to her what had happened and Lyons told Defendant to pull over and wait for the police. Defendant pulled over approximately eighteen (18) miles from the scene. Lyons contacted the [Pennsylvania State Police]

and provided them with Defendant's location. Lyons testified that Defendant did not mention a knife. Defendant was taken into custody by Trooper Chavez. Defendant was transported to the Jonestown Barracks where he was interviewed by Trps. Lynn and Hoffstettler. Defendant initially told the Troopers that the Victim had the knife and Defendant got the knife away from Victim and stabbed him in self-defense. Eventually, Defendant admitted that the knife was his and that he threw the knife out the window along the road because he was scared. Defendant stated that he was afraid and in fear of serious bodily injury from the Victim. Defendant testified that he told the Troopers that the Victim had used racial slurs. Tpr. Lynn testified that Defendant did not mention anything about racial slurs when he interviewed Defendant. The Victim testified that he did not use racial slurs towards Defendant prior to or during the altercation.

At the scene, pictures were taken of the area where the fight occurred. The Troopers interviewed Ross and Kohler. Kohler allowed the Troopers to review the security camera footage. The area where the fight occurred could not be [seen] from any angle of any camera.

Trial court opinion, 3/25/15, at 1-3 (punctuation corrected).

Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the court filed a 1925(a) opinion shortly thereafter. This matter is now ready for our review. On appeal, Appellant presents one issue for our consideration: "Whether the jury's verdict was against the weight of the evidence presented at trial." Appellant's brief at 3.

Appellant cursorily argues that the "jury's rejection of [Appellant's] self-defense claim was so contrary to the evidence as to shock the [conscience]." Appellant's brief at 7. Since Appellant contends that he

feared for his safety during the altercation with Basham, he was justified in using force against him.

The Commonwealth argues first that Appellant's sole issue is waived, as he did not properly preserve the challenge with the trial court. As to the merits, the Commonwealth avers the jury appropriately afforded little weight to Appellant's claim of self-defense in light of significant contrary evidence. We agree with the Commonwealth that Appellant's issue is waived and decline to address it.

In order to preserve a weight of the evidence claim, an appellant must raise the issue with the trial judge in a motion for a new trial orally before sentencing, by written motion before sentencing, or in a post-sentence motion. Pa.R.Crim.P. 607. Review of a properly preserved claim is limited to the "exercise of the trial court's discretion" and not "whether the verdict is against the weight of the evidence." ***Commonwealth v. Karns***, 50 A.3d 158, 165 (Pa.Super. 2012).

Appellant failed to file a written motion raising his weight of the evidence claim either before or after sentencing, our review of the certified record reveals no reference to the challenge, and Appellant identifies no point where he preserved his challenge. He therefore did not comply with Pa.R.Crim.P. 607, and we find this issue waived. ***See Commonwealth v. Priest***, 18 A.3d 1235 (Pa.Super. 2011).

- 4 -

Importantly, we recognize that "[f]ailure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *Commonwealth v. Thompson*, 93 A.3d 478 (Pa.Super. 2014) (citing *Commonwealth v. Sherwood*, 982 A.2d 483, 494 (Pa. 2009)). The trial court "never 'ruled' on the issue and, therefore, it could not grant nor deny the claim at the time it was first raised by Appellant in his concise statement." *Id*. at 490-491. At the time it issued its Rule 1925(a) opinion, the trial court had no jurisdiction to take further action in the case; therefore, it was "never given the opportunity to provide Appellant with relief and, consequently, there is no discretionary act that this Court could review." *Id*. Even though the trial court thoroughly addressed Appellant's weight of the evidence claim in its 1925(a) opinion, we find that his claim is waived due to his noncompliance with Pa.R.Crim.P. 607.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015